## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DANIEL R. SCHOTTENSTEIN,**

      **Plaintiff,**

                                  **Case No. 2:20-cv-6133**
      **v.**                            **Judge Edmund A. Sargus, Jr.**
                                  **Magistrate Judge Elizabeth P. Deavers**

**CITY OF BEXLEY, *et al.*,**

      **Defendants.**

### REPORT AND RECOMMENDATION

      This matter is before the Court for consideration of Plaintiff Daniel R. Schottenstein's

Application to Proceed *In Forma Pauperis*. (ECF No. 6.)[1]  For the reasons that follow, it is

**RECOMMENDED** that Plaintiff's Application be **DENIED.**

      To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid

payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees.

The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,

(1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The

*Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the

statute" and that the statute does not require an individual to "contribute . . . the last dollar they

have or can get."  *Id. at* 339.  The Court explained that "[t]he public would not be profited if

---

[1] Plaintiff originally filed an Application to Proceed *In Forma Pauperis*, but it contained
sensitive information protected by Rule 5.2 of the Federal Rules of Civil Procedure.  (ECF No.
1.)  On December 3, 2020, and again on December 22, 2020, the Court ordered Plaintiff to re-file
his Application to Proceed *In Forma Pauperis* with appropriate redactions.  (ECF Nos. 2, 5.)
Plaintiff's re-filed Application, however, is not entirely consistent with his original Application.
Accordingly, the Court is considering both Applications, ECF Nos. 1 and 6, for purposes of this
Report and Recommendation.

relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.*  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life.  *Id.*  Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses.  *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).  Courts also "consistently consider[] his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles."  *Levet v. Comm'r of Soc. Sec.*, No. 1:14-cv-1379, 2014 WL 3508893, at *2 (N.D. Ohio July 14, 2014) (internal quotation marks and citations omitted); *see also Reynolds v. Crawford*, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (collecting cases reflecting that "[t]he case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.")

Here, the information set forth in Plaintiff's *in forma pauperis* applications does not demonstrate his inability to pay.  Rather, Plaintiff's first application states that Plaintiff is entirely supported financially by his family, including a "stipend" of approximately $3,000 per month for Plaintiff.  (ECF No. 1 at PAGEID ## 2, 5.)  In Plaintiff's re-filed application, Plaintiff states that he receives approximately $2,900 per month, which Plaintiff describes as a "stipend from schooling."  (ECF No. 6 at PAGEID # 60.)  This amount of financial support equates to between $34,8000 and $36,000 annually, which places Plaintiff's income at more than twice the poverty level of income for a family of two.[2]  *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-

---

[2] A review of the 2020 Federal Poverty Guidelines available at aspe.hhs.gov indicates that the poverty guideline for a 2-person household is an annual income of $17,240.00.

14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where the Plaintiff's income was more than twice the federal poverty level).

Accordingly, this is not a case where the filing fee poses an undue hardship.  *See Levet*, 2014 WL 3508893, at *1 (Denying motion to proceed *in forma pauperis*, finding that "Plaintiff's family can pay the Court's costs without undue hardship.").[3]  Rather, this is a case in which Plaintiff must "'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'"  *Hines v. Comm'r of Soc. Sec. Admin.,* No. 5:17-cv-2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (quoting *Levet*, 2014 WL 3508893, at *2 (quoting *Behmlander*, 2012 WL 5457466, at *2).

In view of Plaintiff's available income, the Undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.  Accordingly, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

---

[3] Moreover, Plaintiff indicates that he has a car, but it belongs to his mother who no longer drives.  (ECF No. 6 at PAGEID 61.)  Plaintiff also apparently owns a house that is worth $335,000 but indicates "that is exactly how much I owe on it."  (*Id*. at PAGEID 63.)

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date:  January 5, 2021                          ____/s/ *Elizabeth A. Preston Deavers*_____
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE